IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 06-1068 (RBW) |
| COMMERCIAL INTERIOR DESIGN, INC. a/k/a Commercial Interior Designs, Inc. | ) ) ) ) | |
| Defendant. | ) | |

## MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund ("Pension Fund" or "Plaintiff"), respectfully moves this Court for entry of judgment by default against Defendant, Commercial Interior Design, Inc., a/k/a Commercial Interior Designs, Inc. ("Defendant"), in the amount of $34,078.51 which includes contributions due for the month November 2005 and the period June 2006 through the present, interest, liquidated damages and attorneys' fees and costs incurred by the Pension Fund pursuant to 29 U.S.C. §185(a) and 1132(g)(2)(A) through (D), and for injunctive relief.

In support of this Motion, Plaintiff relies upon the allegations in its Complaint, the Declaration of Thomas Montemore[1] and the Declaration of Kent Cprek.[2]

The grounds for this Motion are as follows:

---

[1] The Declaration of Thomas Montemore ("Montemore Declaration") is attached to this Motion as Exhibit 1. The exhibit referenced in the Montemore Declaration (Labor Contract) is attached as Exhibit 2.

[2] The Declaration of Kent Cprek ("Cprek Declaration") is attached to this Motion as Exhibit 3. The exhibit referenced in the Cprek Declaration is attached to this Motion as Exhibit 4.

172420-1

1. Prior to the commencement of this action, the Plaintiff attempted to resolve this delinquency in an amicable manner.

2. The requested payments were not received and the Complaint in this matter was filed on June 9, 2006. The Complaint was served on Defendant on June 13, 2006 as appears from the Affidavit of Service duly filed with the Court.

3. No Answer to the Complaint has been filed by Defendant.

4. On July 17, 2006, Plaintiff filed a Request to Clerk to Enter Default against Defendant pursuant to Fed. R Civ. P. 55(a). A copy was sent via first-class mail, postage prepaid, to Defendant.

5. On September 18, 2006, the Clerk of the Court entered default against Defendant.

6. Defendant is neither an infant nor incompetent person.

**WHEREFORE**, Plaintiff seeks the following relief:

(a) Judgment entered as set forth in the proposed Order and Judgment attached to this Motion;

(b) Such other and further relief as the Court deems just, necessary and appropriate.

    Respectfully submitted,

    JENNINGS SIGMOND, P.C.

    BY: /s/ Kent Cprek
    KENT CPREK
    Bar No. 478231
    The Penn Mutual Towers, 16th Floor
    510 Walnut Street, Independence Square
    Philadelphia, PA 19106-3683
    (215) 351-0615
    Attorney for the Fund

Date: October 18, 2006

172420-1

OF COUNSEL:
Elizabeth A. Coleman
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0664

172420-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 06-1068 (RBW) |
| COMMERCIAL INTERIOR DESIGN, INC. a/k/a Commercial Interior Designs, Inc. | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(b) AGAINST DEFENDANT.**

Plaintiff, the International Painters and Allied Trades Union Industry Pension Fund ("Pension Fund" or "Plaintiff"), by its legal counsel, submits this Memorandum of Law in Support of its Motion for Judgment by Default.[1]

The Plaintiff served its Complaint on Defendant, Commercial Interior Design, Inc., a/k/a Commercial Interior Designs, Inc. ("Defendant"), on June 13, 2006. To date, Defendant has failed to answer the Complaint or otherwise defend this action. On July 17, 2006, Plaintiff filed a Request For Entry of Default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The default was entered against Defendant on or about September 18, 2006.

In light of Defendant's default and Defendant's continuing failure to appear or otherwise

---

[1] Attached to the Motion accompanying this Memorandum are the Declarations of Thomas Montemore ("Montemore Declaration") and Kent Cprek ("Cprek Declaration"). Also attached is a proposed form of Default Judgment.

172420-1

defend, the Pension Fund is entitled to judgment by default against Defendant without a hearing. Fed. R. Civ. P. 55(b); United States v. De Frantz, 708 F. 2d 310 (7th Cir. 1983); Draisner v. Liss Realty, 211 F. 2d 808 (1954). Moreover, where a defendant, such as the one here, fails to respond to the Complaint, all factual allegations in the Complaint are deemed admitted. Thomson v. Wooster, 114 U.S. 104 (1885); Au Bon Pain Corp. v. Artect, Inc., 653 F 2d 61 (2d Cir. 1981); U.S. ex. Rel. v. Carr, 567 F. Supp. 831, 840 (W.D. MI 1983). General allegations of fact are also deemed true. Danning v. Lavin, 572 F. 2d 1386, 1388-89 (9th Cir. 1978) (allegations of insolvency pled in general terms held sufficient to support a finding of fraudulent conveyance or voidable preference).

    Defendant is and has been party to collective bargaining agreements (singly or jointly "Labor Contract") with the various local unions and district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO-CFC ("International" or "Union"). See, Exhibit 1, Montemore Declaration, ¶5; Exhibit 2, a true and correct copy of relevant provisions from the Labor Contract. Under the Labor Contract, Defendant is required to remit fringe benefit contributions and other sums to Plaintiff. See, Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, Labor Contract, at Art. 13. The failure to pay these fringe benefit contributions and other amounts results in a delinquency to the Plaintiff.

## ARGUMENT

A. **ENTRY OF JUDGMENT AGAINST DEFENDANT FOR UNPAID CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES AND ATTORNEYS' FEES AND COSTS IS ENTIRELY APPROPRIATE**

   1. **Defendant is Bound by the Terms and Conditions of a Collective Bargaining Agreement with the Union.**

Defendant is a party to a Labor Contract with the Union. See, Exhibit 1, Montemore Declaration, ¶5; Exhibit 2, Labor Contract. The Labor Contract provides for the payment of contributions to the Pension Fund for time worked by or paid to employees who perform work covered by its terms and conditions. See, Exhibit 1, Montemore Declaration, ¶6; Exhibit 2, Labor Contract, at Art. 13. Failure to make these contributions, or to submit either incorrect or late remittance reports, results in a delinquency to the Pension Fund. Ibid. Under the Labor Contract, the Pension Fund also has the right to audit the signatory's payroll books and related records to determine that all of the required contributions have been paid. See, Exhibit 2, Labor Contract, at Art. 13; Complaint, Exh. 1, Art. VI, Sec. 6. Finally, under the terms of the Labor Contract, the employer agrees to be bound by the Agreement and Declaration of Trust of the Pension Fund ("Trust Agreement," attached as Exhibit 1 to the Complaint filed in this matter and incorporated by reference) and the International Painters and Allied Trades Industry Pension Plan ("Plan," attached as Exhibit 2 to the Complaint filed in this matter and incorporated by reference) and by all amendments thereto and actions taken by the trustees of the Pension Fund. See, Complaint, ¶¶ 5-7; Exhibit 1, Montemore Declaration, ¶ 5; Exhibit 2, Labor Contract, at Art. 13.

Furthermore, Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145, provides:

> Every Employer who is obligated to make contributions to a
> bargained agreement shall ... make contributions in accordance
> with ... such agreement.

172420-1

If an employer fails to make the contributions as required by the collective bargaining agreement and Section 515 of ERISA, then the employer is subject to the provisions of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). Section 502(g)(2) provides for the mandatory award of the following if a judgment is entered in the Pension Fund's favor pursuant to Section 515:

    A.    the unpaid contributions;

    B.    interest on the unpaid contributions;[2]

    C.    an amount equal to the greater of:

        (i)    interest on the unpaid contributions; or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the Court under subparagraph (a);[3]

    D.    reasonable attorneys' fees and costs of the action, to be paid by the Defendant; and

    E.    such other legal or equitable relief as the court deems appropriate.

As stated above, Defendant has failed to submit contributions and/or remittance reports for the month November 2005 and the period June 2006 through present. See, Exhibit 1, Montemore Declaration, ¶7. As a result, Plaintiff is entitled to judgment in at least the amount of $33,778.51.

---

[2] Section 10.12(b)(2) of the Plan sets the interest rate on delinquent contributions according to the Internal Revenue Service rate for delinquent taxes. See, Complaint, Exhibit 2.

[3] ERISA and §10.12(b)(3) of the Plan's rules and regulations mandate that liquidated damages be awarded in an amount equal to the greater of interest or twenty percent (20%) of unpaid contributions due at the commencement of the lawsuit and those which become delinquent during the course of the litigation. See, Complaint, Exhibit 2. Article VI, Sec. 4 of the Trust Agreement also provides for the assessment of liquidated damages on contributions paid after the due date. See, Complaint, Exhibit 1.

B. **DEFENDANT SHOULD BE ORDERED TO PRODUCE THE APPROPRIATE RECORDS TO ALLOW THE PENSION FUND TO AUDIT ITS PAYROLL BOOKS AND RELATED RECORDS AND MUST PAY ANY ADDITIONAL AMOUNTS FOUND TO BE DUE AND OWING**

The determination of an employee's eligibility for benefits is made based upon information contained in the remittance report, to be filed monthly by each and every signatory employer. A proper determination of eligibility is not possible if remittance reports are not submitted or if they contain incorrect information. See, 29 U.S.C. §1132(g)(2)(E) (equitable relief); Teamsters Local 639 – Employers Trust v. Jones & Artis Construction Co., 640 F. Supp.223 (D.D.C. 1986); IBPAT Union and Industry Pension Fund v. Hartline – Thomas, Inc., 4 EBC 1199, 1200 (D.D.C. 1983); Laborers' Fringe Benefit Pension Fund v. Northwest Concrete, 640 F. 2d 1350, 1352 (6th Cir. 1981).

In order to determine whether the contributing employer has made all required contributions and correctly reported hours worked and paid to its employees, the Pension Fund has the right to review all of the employer's records that relate to its contributory obligation. Central States, S.E. & S.W. Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 105 S.Ct. 2833 (1985). The employer has the obligation to maintain appropriate records and to permit the Pension Fund's auditors to review those records upon request. Michigan Laborers' Health Care Fund v. Grimaldi Concrete, Inc., 30 F.3d 692, 695 (6th Cir. 1994).

In the present case, the Labor Contract and Trust Agreement obligate Defendant to allow the audit. See Exhibit 2, Labor Contract, Art. 13; Complaint, Exhibit 1, Art. VI, Sec. 6. The scope of records subject to review is broad, and include those records the auditors reasonably deem necessary to conduct an audit. DeMarco v. C & L Masonry, 891 F.2d 1236 (6th Cir. 1989). See Exhibit 1, Montemore Declaration, ¶11. In addition to the routine payroll records (e.g., time cards, cancelled payroll checks, payroll ledgers and payroll tax returns), they can include the

172420-1

general check registers and cancelled checks, general disbursements ledgers and federal and state corporate income tax returns. Ibid.

An audit is necessary in this case in order to determine the exact amount due to the Pension Fund because of Defendant's failure to submit contractually-required remittance reports and furthermore, to ensure that the remittance reports submitted by Defendant are correct. See Exhibit 1, Montemore Declaration, at ¶¶7, 11. The Defendant's obligations under the Agreement and 29 U.S.C. § 1145 mean nothing if the Pension Fund cannot ensure compliance through an audit. The Court should order Defendant to produce its records for an audit for all periods in which the Defendant is obligated to make contributions to the Pension Fund so that a precise determination of the amount owed can be made. Upon completion of the audit, the Court should enter a further judgment against Defendant for all additional amounts found to be due and owing under the Agreement and ERISA.

## CONCLUSION

Plaintiff, therefore, requests that the Court enter a judgment against Defendant in the amount of $34,078.51, which includes $5,125.88 in attorneys' fees and costs, order Defendant to submit the remittance reports and corresponding contributions together with interest and liquidated damages for the month November 2005 and the period June 2006 through present and order Defendant to produce its payroll books and related records for an audit for all periods in which the Defendant is obligated to make fringe benefit contributions to the Pension Fund.

In light of the clear statutory intent of ERISA, it is respectfully requested that this Court grant the Pension Fund the relief requested in the Motion for Default Judgment.

Respectfully submitted,

JENNINGS SIGMOND, P.C.

BY:  /s/ Kent Cprek
KENT CPREK
Bar No. 478231
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0615
Attorney for the Fund

Date: October 18, 2006

OF COUNSEL:
Elizabeth A. Coleman
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0664

172420-1

## CERTIFICATE OF SERVICE

I, KENT CPREK, ESQUIRE, state, under penalty of perjury, that the foregoing Motion for Judgment by Default by the Court pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendant was served by mailing same first class mail, postage prepaid, on the date listed below to:

> Commercial Interior Design, Inc.
> 79 Byberry Avenue
> Harboro, PA  19040

> s/ Kent Cprek
> KENT CPREK, ESQUIRE

Date: October 18, 2006

**THIS DOCUMENT HAS BEEN ELECTRONICALLY FILED AND IS AVAILABLE FOR VIEWEING AND DOWNLOADING FROM THE ECF SYSTEM**

172420-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED ) <br> TRADES INDUSTRY PENSION FUND ) <br> ) <br>                                   Plaintiff, ) <br> v.                                        ) <br> ) <br> COMMERCIAL INTERIOR DESIGN, INC. ) <br>   a/k/a Commercial Interior Designs, Inc. ) <br> ) <br>                                  Defendant. ) | CIVIL ACTION NO. <br> 06-1068 (RBW) |

**ORDER AND JUDGMENT BY DEFAULT AGAINST DEFENDANT**

Upon consideration of the Complaint and Plaintiff's Motion for Entry of Judgment by Default, the supporting Memorandum, declarations and attached Exhibits, it appears to the Court that Defendant was served with process and has inexcusably, knowingly and willfully failed to appear, plead or otherwise defend, and the default against said Defendant having been entered, the Court **FINDS:**

      A.     Defendant, Commercial Interior Design, Inc., a/k/a Commercial Interior Designs, Inc. ("Defendant") is bound to a collective bargaining agreement requiring it to remit fringe benefit contributions and other sums to Plaintiff.

      B.     Defendant has failed to remit to Plaintiff the fringe benefit contributions and other sums required by the collective bargaining agreement.

      C.     The unpaid contributions due and owing by Defendant to Plaintiff are plan assets.

     Consistent with these findings, it is **ORDERED**:

      1.     Plaintiff's Motion is Granted.

      2.     Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and 29 U.S.C. §1132(g)(2)(A) through (E), judgment is entered in favor of Plaintiff, International Painters and

172420-1

Allied Trades Industry Pension Fund ("Pension Fund" or "Plaintiff"), and against Defendant, in the amount of $34,078.51, which consists of the following:

    (a)    Unpaid contributions in the amount of $24,080.80, due for the month November 2005 and the period June 2006 through present;

    (b)    Liquidated damages in the amount of $3,897.76;

    (c)    Interest through October 31, 2006 in the amount of $320.04. The contribution amount in Paragraph 2(a) shall continue to bear interest as provided in 29 U.S.C. §1132(g)(2)(B) and 26 U.S.C. §6621, as from time to time amended, until the date of actual payment.

    (d)    Late Fees in the amount of $654.03;

    (e)    $5,128.88, representing the attorneys' fees and costs incurred in the collection and enforcement of this action through October 18, 2006, in accordance with 29 U.S.C. §1132(g)(2)(D).

    3.    Defendant, its owners, officers, agents, servants, attorneys and all other persons acting on its behalf or in conjunction with it shall be and hereby are restrained and enjoined from refusing to file complete, proper and timely remittance reports with the accompanying contributions and dues for all periods Defendant is obligated to do so under the collective bargaining agreement(s);

    4.    Within ten (10) days of the entry of this Order, Defendant shall fully and accurately complete and submit to the Plaintiff any and all outstanding remittance reports, including but not limited to reports and contributions for the month November 2005 and the period June 2006 through present, together with a check for the full amount of the contributions and dues due, including interest and liquidated damages.

172420-1

5.      Within twenty (20) days of a request by Plaintiff or its counsel, Defendant shall make available to the designated representative of the Plaintiff all payroll books and related records necessary for Plaintiff to ascertain the precise amount of any delinquent contributions due and owing to Plaintiff for all periods in which Defendant is obligated to make fringe benefit contributions to the Plaintiff and Defendant shall bear the costs of said audit.

6.      Plaintiff shall have the right to conduct future audits for all relevant periods, including the time periods covered by this judgment. Defendant shall be and hereby is restrained and enjoined from failing and refusing to submit to such audits by certified public accountants selected by Plaintiff and shall produce all payroll books and related records requested by Plaintiff, including, but not limited to, payroll, wages, general ledger and cash disbursement records, compensation insurance audits and by other pertinent records deemed necessary for the purpose of ascertaining and/or verifying payments and/or liabilities to Plaintiff. Defendant shall pay Plaintiff any additional amounts found owing, plus such other amounts as set forth in the Agreement, the Agreement and Declaration of Trust of the Pension Fund, the International Painters and Allied Trades Industry Pension Plan, ERISA or any other applicable law.

7.      If additional delinquencies are discovered pursuant to the submission of the remittance reports or to the audit referred to above, or as a result of additional information that becomes available to the Plaintiff, the Plaintiff may apply to the Court for an additional or supplemental judgment reflecting any additional delinquencies, interest, liquidated damages, attorneys' fees and costs, pursuant to ERISA, 29 U.S.C. §1132(g)(2) together with any audit costs incurred by the Plaintiff.

8.      If any such further action by the Plaintiff is required, it may apply to this Court or to the court in which enforcement is sought, for such further reasonable attorneys' fees and costs

172420-1

in addition to those set out in Paragraph 2(d) above. See, <u>Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.</u>, 57 Fed. Appx. 972 (3d Cir. 2003); <u>International Painters and Allied Trades Industry Pension Fund v. H.W. Ellis Painting Co., Inc.</u>, No. 03-1125, slip. op. at *3 (D.D.C. February 10, 2004) (citing <u>Free v. Briody</u>, 793 F.2d 807 (7th Cir. 1986); <u>Sheet Metal Workers Health and Welfare Trust Fund v. Big D Service Co.</u>, 867 F.2d 852 (10th Cir. 1989)).

9.   If Defendant fails to comply with any of the terms of this Order, the Plaintiff may, in addition to pursuing the remedies provided for under Federal Rule of Civil Procedure 69, reopen this case upon motion to the Court and notice to the Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

BY THE COURT

Date:_____     By: _____
                                    Reggie B. Walton,      J.
                                    United States District Judge

172420-1